IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT S. SCHWARTZ<br>211 Mallard Court<br>Havre de Grace, MD 21078<br>    Plaintiff, | *<br><br><br>* | |
| v | * | Civil Action No.: |
| SIEMENS INDUSTRY, INC.<br>BUILDING TECHNOLOGIES<br>2520 Lord Baltimore Drive<br>Baltimore, MD 21244<br>    Defendant. | *<br><br><br>*<br><br>* | |
| Serve on:<br>Resident Agent<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville, MD 21093 | *<br><br>* | |
| And | * | |
| SIEMENS USA<br>INVOLUNTARY SEPARATION PLAN<br>SIEMENS CORPORATION<br>170 Wood Avenue South<br>Iselin, MJ 08830 | *<br><br>*<br><br>* | |
| Serve on:<br>Mike Bokina<br>Chief Human Resources Officer<br>300 New Jersey Ave., Suite 1000<br>Washington, D.C. 2001 | *<br><br>* | |
| Plan Administrator | | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

NOW COMES Robert Schwartz, Plaintiff, by and through his attorneys John E. Kelly

1

and Kelly & Higinbothom, and hereby submits this Complaint as against the Defendants, Siemens Industry, Inc and Siemens USA involuntary Separation Plan and, in support thereof, states the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C.A. Section 1131, 29 U.S.C.A. Section 1132(a)(1)(B) and 29 U.S.C.A. Section 1132(E)(1) over the provisions of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), which gives the Court exclusive jurisdiction to hear civil actions brought to recover benefits due to the terms of employer-provided involuntary separation benefit.

2. The case arises under a severance plan (hereinafter "Plan") dated January 11, 2016 and issued and administered by the Plaintiff's employer Siemens USA. This action is brought to obtain relief under Sections 502(a)(1)(B) and 503 of ERISA, 29U.S.C. 1101 et seq. in the form of equitable remedies that will redress violation, obtain appropriate equitable relief for breach of contract and breach of fiduciary duty, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.

3. The Plaintiff's right to appeal the plan administrator's decision is provided under 29 U.S.C.A. Section 1132(A)(1)(B).

4. The avenues of appeal have been exhausted and this matter is now properly before the Court for judicial review under the applicable law.

5. Venue properly lies in this Court pursuant to 28 U.S.C.A. Section 1391 because the Policy was issued in the State of Maryland and the Plaintiff resided in the State of Maryland during the applicable period of coverage under the Policy.

## STATEMENT OF THE CLAIM

6. The case before the Court arises under Siemen's findings that the Plaintiff is not entitled to severance under the Plan. Mr. Schwartz was employed by Siemens from August 2006 through December 2018, with his last job title being Senior Sales Executive. In December 2017 he was placed on a mandated leave of absence due to performance and mental health issues.

7. On February 23, 2018, Mr. Schwartz sent a letter to Ms. Shelly Witherspoon (hereinafter "Ms. Witherspoon"), Senior Human Resources Consultant, stating that he wished to formally retire as of June 4, 2018 while he was still on disability leave. Upon finding out that the short and long term disability plans offered by Siemens did not allow an employee to retire while on disability leave, Mr. Schwartz rescinded his offer of retirement by way of an email to Ms. Witherspoon on May 9, 2018.

8. Nothing further was done with the issue until on December 13, 2018, Ms. Robin Donnelly (hereinafter "Ms. Donnelly"), HR Business Partner for Siemens, sent a letter to Mr. Schwartz stating that because it was not anticipated that he would be able to return to work in the foreseeable future that he would be terminated as of January 3, 2019.

9. On December 18, 2018, Mr. Schwartz sent a letter to Ms. Donnelly stating that he had already applied for retirement and enquiring what other benefits might be available to him including severance. He also requested that he needed information and clarification of a proposed exit plan no later than December 21, 2018.

10. On December 21, 2018 Ms. Donnelly sent an email to Mr. Schwartz stating that he would be placed on early retirement status as of December 21, 2018 and that he would be

3

receiving 32 hours PTO and commissions due.

11. On December 26, 2018 Mr. Schwartz sent an email to Ms. Donnelly enquiring as to whether or not he was eligible for a severance under the Plan. Ms. Donnelly responded via email the same day stating that he did not meet the eligibility requirements for severance but gave no specific reason. She further indicated she would look at his original offer to see if it contained any instructions regarding severance. Ms. Donnelly never provided any additional information about the severance availability.

12. Thereafter, Mr. Schwartz thru retained counsel Michael Green on August 29, 2019 sent a letter to corporate HR at Siemens again asking about the severance. On December 19, 2019, Ms. Tamika Lynch Senior Counsel of Siemens Corporation Legal Department responded via email stating that Mr. Schwartz was not eligible for severance benefits as provided under the Plan. Specifically she stated that employees are eligible for severance benefits when the company terminated employment for qualifying events such as work force reduction, position elimination or reorganization. She further indicated that should he have any additional information that would support a right to severance he should forward that to the Plan Administrator directly.

13. On February 27, 2020, Michael Green, counsel sent a letter asking for severance to the Plan Administrator. There has been no response.

14. On May 29, 2020, Mr. Schwartz sent his own letter to the Plan Administrator which has also gone unanswered.

**COUNT I: BREACH OF CONTRACT**

13. Plaintiff fully incorporates all allegations made in paragraphs 1 through 14 of this

4

Complaint as if fully set forth herein.

14. Plaintiff brings Count I to enforce his rights under the terms and conditions of the Plan as recognized under Section 1132(a)(1)(B) of Chapter 29 of the United States Code and ERISA Section 502(a)(1)(B).

15. The Defendant's decision to deny a severance package was arbitrary and capricious and constitutes an abuse of discretion.

16. According to the terms of the Plan, severance benefits will be granted to covered employees if their termination of employment is involuntary, permanent and initiated by the company as a result of a qualifying event. A qualifying event is defined as (1) a substantial, permanent work force reduction; (2) the elimination of the Employee's position; (3) a reorganization; (4) a separation for the convenience of the company for business or other reasons; or (5) for such other reasons as the company may in its sole discretion deem appropriate. The Plan further states that a covered employee shall not be entitle to severance benefits if the employees resignation is the result of the employee's retirement, <u>except that an employee who is to be terminated due to a qualifying event and who elects to retire under a retirement plan of the company shall be granted severance benefits nonetheless.</u>

17. Mr. Schwartz meets the criteria under the Plan. His termination was involuntary as evidenced by Ms. Donnelly's letter to him of December13, 2018. His termination is seemingly permanent as there is no mention or offer of his returning at any time in the future. Finally he meets the qualifying event in that his position as Senior Sales Executive was never filled and therefore his position was actually eliminated at the time of his termination.

18. Mr. Schwartz chose to retire upon learning of his impending termination in order

to protect his residual benefits from prior sales commissions and for his significant PTO. As such he is entitled to severance benefits under the Plan.

19. The Defendant breached the terms and conditions of the Plan by arbitrarily denying his severance when he clearly met the criteria under the Plan for benefits. As a result of Defendant's abuse of discretion, Plaintiff has been denied the significant monetary benefits which he would be entitled to under the severance plan.

## COUNT II: BREACH OF FIDUCIARY DUTY

Plaintiff fully incorporates all allegations made in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. Plaintiff brings Count II as permitted under ERISA Section 503 and alleges that the Plan administrator breached its fiduciary duty under the Plan.

22. The Plan states that if any employee feels that he has not received proper benefits under the Plan he must file a written claim with the Plan Administrator who is the Chief Human Resources officer of Siemens Corporation. The Plan Administrator shall review the claim and notify the claimant of his decision in writing within 60 days after the claim is received. If the Plan Administrator denies a claim he shall set forth in writing (1) the specific reason for the denial; (2) the Plan provisions on which the denial is based; (3) a description of any material of information necessary to perfect the claim and an explanation of why such information is necessary and (4) information concerning the steps to be taken if the claimant wishes to submit the claim for further review or appeal.

23. In this instance, the Plan Administrator was sent a written claim by counsel on February 29, 2020 and again by Mr. Schwartz on May 29, 2020. To date no response has been

given at all and no specific reasons for denial have ever been provided. Therefore the Plan has breached its fiduciary duty as set forth above in paragraph 22 of this Complaint.

24. Further, there has been no response by the Plan Administrator, the Chief Human Resources Officer of Siemens within the time limits set forth in this plan of 60 days to the August 29, 2019, February 29, 2020 and the May 29, 2020 letters seeking the paid severance package under the plan. This failure to answer timely is a breach of the fiduciary duty owed to the Plaintiff Robert Schwartz.

WHEREFORE, the Plaintiff respectfully requests:

a. That he be awarded severance in accordance with the Plan:

b. That the Court award the Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C.A. Section 1132(G);

c. That the Court order such other and further relief to which the Plaintiff may be entitled.

Date: _____                    Respectfully submitted:

_____
JOHN E. KELLY
Federal Trial Bar No.: 01394
Kelly & Higinbothom
516 Rock Spring Avenue
Bel Air, Maryland 21014
(410) 879-0380
Attorneys for Plaintiff